## Benjamin Bussey *vs.* Horatio N. Page.

Where the owner of a tract of timber land had conveyed a portion thereof, and had taken back a mortgage to secure the purchase money, and had given a bond for a deed of the residue on being paid a certain sum, but nothing had been paid for the land ; and an assignee of the claims under the mortgage and bond had entered into the possession with the knowledge of the original owner, and cut and took therefrom timber, and, after a demand made upon him of the timber by the original owner, sold and converted the same to his own use ; it was held, that the original owner of the land was entitled to recover the value of the timber, as it stood at the time it was cut.

Trover for a quantity of timber, mill logs and wood.

The action was submitted on an agreed statement, from which it appeared, that the defendant's intestate, *S. C. Bradbury,* had cut the lumber on a tract of wild land in *Bangor,* originally belonging to the plaintiff, and with the intention of converting the woodland to tillage. The plaintiff had conveyed a portion of the land and had taken back a mortgage to secure the purchase money, and had given a bond to convey the residue on the payment of a certain sum of money, but nothing had been paid for the land. By the general rise of land in that vicinity, this land, after the cutting, was of more value, than the amount due. Before he cut the timber and wood, *Bradbury* had become assignee of the claim to the land under the mortgage and bond, and was with the knowledge of the plaintiff in quiet and peaceable possession of the premises at the time of the cutting. One third part was cut on the land described in the bond, and two thirds on that described in the mortgage. After the cutting, said *Bradbury* deceased, and the defendant was appointed his administrator and inventoried the lumber as belonging to the estate, and sold part of it at auction for $241,50. After the inventory was taken and before the sale, the plaintiff demanded of the defendant the timber, logs and wood cut by said *Bradbury.* It was agreed, that the *stumpage,* or value of the trees standing, was worth at the time of the cutting $234,20. The Court were to enter the proper judgment thereon.

*T. P. Chandler* and *A. W. Paine,* for the plaintiff, furnished the Court with a written argument, in which were cited *Blaney* v. *Bearce,* 2 *Greenl.* 132 ; 2 *Cruise,* 107 ; *Beach* v. *Royce,* 1 *Root,* 244 ; *Beacher* v. *Cook. ib.* 296 ; *Jackson* v. *Dubois,* 4 *Johns. R.*

216 ; *Jackson* v. *Hull,* 10 *Johns. R.* 481 ; *Robinson* v. *Litton,* 3 *Atk.* 270 ; *Farrant* v. *Lovel, ib.* 723 ; *Brady* v. *Waldron,* 2 *Johns. Ch. R.* 148 ; *Smith* v. *Goodwin,* 2 *Greenl.* 173 ; *Stowell* v. *Pike, ib.* 387 ; *Starr* v. *Jackson,* 11 *Mass. R.* 519 ; *Jesus College* v. *Bloom,* 3 *Atk.* 263 ; 2 *Cruise,* 109 ; *Keech* v. *Hall, Doug.* 21 ; *Crockford* v. *Alexander,* 15 *Vesey,* 138 ; *Suffern* v. *Townsend,* 9 *Johns. R.* 35 ; *Cooper* v. *Stower, ib.* 331 ; *Erwin* v. *Olmstead,* 7 *Cowen,* 229 ; 2 *Saund.* 259 ; 3 *Dane,* 216 ; *ib.* 219 ; *Weeks* v. *Gibbs,* 9 *Mass. R.* 74 ; *Stearns* v. *Stearns,* 1 *Pick.* 157 ; *Willoughby* v. *McClure,* 2 *Wend.* 608 ; 1 *Dane,* 584 ; and 2 *Selwyn,* 695.

*McGaw, Allen & Poor,* for the defendant.

After a continuance,

PER CURIAM. — The opinion of the Court upon the facts is, that the action has been maintained ; and that the plaintiff is entitled to judgment for $234,20, with interest from the date of the writ.